IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. AUSTIN C. HINES, )<br>)<br>2. JOSEPH NORRIS )<br>)<br>    Plaintiffs, on behalf of )<br>    themselves and others similarly situated, )<br>v. )<br>)<br>1. CONTINENTAL RESOURCES, INC. )<br>)<br>    Defendant. ) | Case No. CIV-21-109-PRW<br><br>JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW** the Plaintiffs and hereby allege that:

## PARTIES

1. The Plaintiffs are Austin C. Hines, an adult residing in Canadian County, Oklahoma, and Joseph Norris, an adult residing in Grady County, Oklahoma. Both named plaintiffs bring claims on behalf of themselves and others similarly situated.

2. The Defendant is Continental Resources, Inc., a domestic company doing business in Oklahoma County, Oklahoma.

## JURISDICTION

3. Both Plaintiffs, on behalf of themselves and others similarly situated, assert claims for failure to pay wages including overtime wages in violation of the Fair Labor Standards Act (FLSA).

4. Jurisdiction over the federal claims is vested pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216. The conduct giving rise to the claims of Plaintiffs arose in Custer

1

County, Oklahoma; Grady County, Oklahoma; Garvin County, Oklahoma; Caddo County, Oklahoma; Stephens County, Oklahoma; Kingfisher County, Oklahoma; Canadian County, Oklahoma; and Oklahoma County, Oklahoma, all of which are counties within the Western District of Oklahoma. Thus, venue is proper in the Court pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. The Defendant is a petroleum and natural gas company engaged in the business of extracting, producing and distributing oil and gas. Defendant does business in Oklahoma, Montana, North Dakota, New Mexico, and other states such that it engages in interstate commerce.

6. Defendant has at least five hundred thousand dollars ($500,000) in annual gross revenue.

7. For the reasons explained in Paras. 5-6, Defendant is an employer under the FLSA.

8. Plaintiff Hines began employment with Defendant around July 2014 and is currently employed with Defendant.

9. Plaintiff Norris was employed by Defendant from around July 2018 until around April 4, 2020.

10. During their periods of employment, both Plaintiffs worked under the job title of Completions Foreman.

11. For the three years prior to filing this lawsuit:

    A.    Defendant employed (and continues to employee) at least twenty employees working under the job title Completions Foreman and/or a title with similar job duties and responsibilities.

    B.    Such employees have routinely worked more than forty hours per week without being paid overtime compensation.

    C.    Defendant continues to require such employees to work more than forty hours per week and continues to fail to pay overtime to such persons.

12. Both Plaintiffs, along with those similarly situated, were paid a set amount of wages and those wages were not increased to 1.5 times the amount of such regular wages when the employees worked more than forty hours in a work-week.

13. During nearly every other week of Plaintiffs' employment, they worked in excess of forty hours in a work-week, for which they were owed, but not paid, overtime compensation.

14. Defendant was aware that Plaintiffs and other similarly situated were entitled to overtime compensation. Among other notice, Plaintiff Hines told Defendant that he believed they were non-exempt employees and entitled to overtime compensation.

15. Additionally, Defendant failed to maintain accurate records of the hours named and putative plaintiffs worked, as required by the FLSA.

16. Defendant's failure to pay overtime compensation to Plaintiffs violates the FLSA, which requires employers to pay employees at least 1.5 times their regular rate of pay for all hours worked in excess of forty in a workweek.

17. As a direct result of Defendant's conduct, the Plaintiffs have suffered damages in the form of wage loss, including overtime benefits.

18. Failure to maintain accurate records of hours worked by employees, and failure to pay overtime violates the FLSA.

19. Plaintiffs are entitled to recover their wage loss, including unpaid overtime, along with liquidated damages. Additionally, Plaintiff are entitled to an award of attorney fees and costs.

## COLLECTIVE/CLASS CERTIFICATION

20. To Plaintiffs' knowledge, there are at least twenty employees in Oklahoma who also worked as Completions Foremen and performed similar job duties as the Plaintiffs but were not paid all wages owed (including overtime wages).

21. Defendant has taken the following actions with respect to Plaintiffs and other similarly situated employees:

    A. Failed to maintain accurate records of the hours worked by such employees;

    B. Failed to pay wages for hours worked by such employees in excess of forty in a work-week;

22. The actions described above constitute violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206-07.

23. The Plaintiffs, together with other similarly situated employees who performed similar job duties as the Plaintiffs, were victims of a single decision, policy or plan that included decisions to not pay Plaintiffs and others similar situated, wages for hours worked in excess of forty in a given work-week (including overtime wages).

24. For those reasons, the Plaintiffs are entitled to conditional certification of the class under the FLSA at this time and, after discovery is substantially complete, to file certification of the class under the FLSA.

25. The class is sufficiently numerous that it is impractical to name each member of the class individually, such that a class action is the most economical, expeditious and just way of managing this claim.

26. There are questions of law or fact common to the class, including whether the employees worked hours and earned wages for which they were not compensated.

27. Plaintiffs, as class representatives, shares the same questions of law and fact with other class members and will fairly and adequately protect the interests of the class.

28. The only factual matter different between the collective plaintiffs would be the amount of wage loss and the damages owed.

## PRAYER

**WHEREFORE**, Plaintiffs, on behalf of themselves and other similarly situated, prays that they be granted judgment in their favor and against the Defendant on their claims and that this Court grant the Plaintiffs and others in the class all available compensatory damages, liquidated damages, pre- and post-judgment interests, costs, attorneys' fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS DAY OF 12TH FEBRUARY 2021**.

        HAMMONS HURST & ASSOCIATES

        <u>s/ Amber L. Hurst</u>
        Mark E. Hammons, OBA No. 3784
        Amber L. Hurst, OBA No. 21231
        Brandon D. Roberts, OBA No. 34012
        325 Dean A. McGee Avenue
        Oklahoma City, Oklahoma 73102
        Telephone: (405) 235-6100
        Email: amber@hammonslaw.com
        JURY TRIAL DEMANDED
        ATTORNEY LIEN CLAIMED
        *Counsel for Plaintiff*