# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. AUSTIN C. HINES, | ) |
| | ) |
| 2. JOSEPH NORRIS, | ) Case No. CIV-21-109-PRW |
| | ) |
|    Plaintiffs, on behalf of | ) |
|    themselves and others similarly situated, | ) |
| | ) |
| v. | ) |
| | ) |
| 1. CONTINENTAL RESOURCES, INC. | ) |
| | ) |
|    Defendant. | ) |

## PLAINTIFF'S MOTION TO AMEND COMPLAINT WITH AUTHORITY

The Plaintiffs respectfully request leave to amend the complaint to include a retaliatory termination claim on behalf of Plaintiff Austin C. Hines. In support, Plaintiff shows as follows:

1. This is the first application to amend the complaint filed by Plaintiffs.

2. Plaintiff Hines was terminated from the Defendant on December 6, 2021 and is subject to a two-year statute of limitation under the Fair Labor Standards Act. 29 U.S.C. § 255(a).

3. On August 29, 2022 the Plaintiff and Defendant attended a telephonic hearing before the Oklahoma Employment Security Commission. The hearing addressed the claimed reasons for terminating the Plaintiff.

4. During the hearing Defendant made statements under oath that indicated that it's stated reason for termination was pretextual.

5. Plaintiff believes the real reason for his termination was retaliation for his lawsuit and requests for unpaid wages.

6. Plaintiff promptly filed this application after learning of Defendant's explanation for terminating his employment, which was given for the first time during the August 29, 2022 hearing.

7. Plaintiff's counsel has conferred with Defendant's counsel who opposes this motion.

8. Granting this motion would not affect any deadlines in this case including the trial date.

9. The proposed amended complaint is attached hereto as Exhibit 1. In addition to adding a retaliatory termination claim, Plaintiffs clarified that those "similarly situated" are limited to Continental employees who "worked under the title of Completions Foreman and/or had similar job duties and responsibilities as Completions Foreman" as certified by the Court on May 31, 2022 [Dkt. 43].

## ARGUMENT AND AUTHORITY

### I – THE STANDARDS FOR ALLOWING AMENDMENT

The standard for granting leave at this stage is governed by Fed.R.Civ.P.15(a)(2) which provides in pertinent part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Because the scheduling order deadline for amending has passed, the Plaintiff must also meet the standard under Fed.R.Civ.P.16(b)(4) providing that "A schedule may be modified only for good cause and with the judge's consent". **Gorsuch,**

***Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n***, 771 F.3d 1230, 1240 (10th Cir. 2014)("After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard.")

Under both Rule 15(a) and Rule 16(b)(4) the court has wide discretion to grant relief and its judgement will not be disturbed absent an abuse of discretion. ***Minter v. Prime Equip. Co.***, 451 F.3d 1196, 1197 (10th Cir. 2006); ***Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n***, 771 F.3d 1230, 1233 (10th Cir. 2014).

Because Rule 15(a)(2) provides that leave should be "freely given" when "justice so requires, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." ***Minter v. Prime Equip. Co.***, 451 F.3d 1196, 1204 (10th Cir. 2006), quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Thus, "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Id*. This is important because one of the bases for determining a Rule 15(a) motion – undue delay – has been described by the Tenth Circuit as having a "rough similarity" to the "good cause" standard under Rule 16(b):

> We do not decide whether a party seeking to amend its pleadings after the scheduling order deadline must show "good cause" for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements. Neither party raises the question, and given the rough similarity between the "good cause"

standard of Rule 16(b) and our "undue delay" analysis under Rule 15, it would not affect the outcome of this case.

***Minter v. Prime Equip. Co.***, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006);[1] *Also* ***Bylin v. Billings***, 568 F.3d 1224, 1231-32 (10th Cir. 2009):

> We have noted the "rough similarity" between the "undue delay" standard of Rule 15 and the "good cause" standard of Rule 16. *See Minter*, 451 F.3d at 1205 n.4. In addition, appellate courts that have applied Rule 16 have afforded wide discretion to district courts' applications of that rule. *See, e.g., United States v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007)("[T]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear [*1232] abuse of discretion.") (quotations omitted); *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 684 (3d Cir. 2003)("Rule 16 was not intended to function as an inflexible straightjacket on the conduct of litigation.") (quotations omitted).

Finally, it must be remembered that the Federal Rules provide a judicial preference for adjudicating cases on the merits, rather than procedural technicalities. This was explained in ***Foman v. Davis***, 371 U.S. 178, 181-82, 83 S. Ct. 227, 230 (1962):

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley* v. *Gibson*, 355 U.S. 41, 48.The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action." Rule 1.

---

[1] Although ***Minter*** predates the ***Gorsuch*** decision holding that a party seeking leave to amend after the scheduling order deadline has past must show "good cause" under Rule 16(b), ***Gorsuch*** cited to ***Minter*** without rejecting its statement that the two standards are roughly similar. ***Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n***, 771 F.3d 1230, 1240 (10th Cir. 2014).

Although made in the context of Rule 15(a), **Foman's** statement was not restricted to that Rule and Forman relied on **Conley** which addressed a different Federal Rule. See **Conley**, 355 U.S. at 48, *reversed on other grounds in* **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 562, 127 S. Ct. 1955, 1969 (2007)). The preference for a merits, rather than procedural adjudication, also applies to motions to amend under both Rules 15(a) and 16(b). See, e.g., **Crosland v. Hales**, No. 2:20-cv-612 JNP, 2021 U.S. Dist. LEXIS 131477, at *2-3 (D. Utah July 12, 2021):

> "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Demonstrating good cause under the rule "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61, 2009 WL 465073, at *3 (10th Cir. 2009) (citation and quotations omitted). Pertinent to the instant dispute is also the judicial system's strong preference to resolve cases on their merits. *See, e.g., Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Indeed, litigants should be given "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

Also **Arup Labs., Inc. v. Pac. Med. Lab., Inc.**, No. 2:20-cv-00186-DBB-DAO, 2020 U.S. Dist. LEXIS 235479, at *10 (D. Utah Dec. 14, 2020).

In this regard, the Federal Rules allow leave to amend through the end of trial, provided the applicable standards are met. See, e.g., Fed.R.Civ.P. 16(e)(allowing modification of pre-trial order to prevent manifest injustice). In this case, Plaintiff seeks to amend the complaint well before pretrial, with discovery months away and trial seven months from now:

> The Advisory Committee Notes for the 1983 Amendments to Federal Rule of Civil Procedure 16 indicate that changes to the scheduling order are considered under the lower "good cause" standard to encourage parties to expeditiously resolve litigation:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery.

***Kennedy v. Prot. One Alarm Monitoring, Inc.*,** No. 2:16-cv-00889-DN, 2017 U.S. Dist. LEXIS 68476, at *3-4 (D. Utah May 4, 2017). In this regard, Rule 16(b)(4)'s use of the "good cause" and the Advisory Committee's interpretation of that standard, "indicates that there may be more flexibility in allowing . . . relief". 6A Wright, Miller & Cane, *Federal Practice & Procedure* § 1522.2, p. 312. This is particularly true when, as here, trial is nearly a year away. Although in the context of amending the pre-trial order to assert a new claim, ***Debord v. Mercy Health Sys. of Kan., Inc.*,** No. 10-4055-SAC, 2012 U.S. Dist. LEXIS 21673, at *4 (D. Kan. Feb. 22, 2012) explains that the standard for amending "becomes progressively more stringent the closer one gets to trial":

> Although the standard for amendment becomes progressively more stringent the closer one gets to trial, the Tenth Circuit applies essentially the same factors in reviewing for an abuse of discretion, whether resolving a motion to amend a pleading or a motion to amend a pretrial order. Compare Davey, 301 F.3d at 1210 (applying factors in reviewing district court's denial of a motion to amend a pretrial order); State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405, 416 (10th Cir. 1984) (applying factors in reviewing district court's denial of motion to amend a complaint). Those factors are:
>
> (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order. Koch, 203 F.3d at 1222. We also take into consideration the timeliness of the movant's motion to amend the order. See id. at 1223.

*Davey*, 301 F.3d at 1210.

6

With this in mind, Plaintiff will show that he has met the standards of Rules 15(a) and 16(b).

## II – "GOOD CAUSE" EXISTS AND THERE HAS BEEN NO "UNDUE DELAY"

Because the "good cause" standard of Rule 16(b) is roughly similar to the "undue delay" standard of Rule 15(a), **Bylin,** 568 F.3d at 1231-32, Plaintiff will address these standards together. The Court's deadline to amend the pleadings expired on June 6, 2021. Dkt. 14 (Scheduling Order, ¶1). Plaintiff was not terminated until December 6, 2021 and was unable to question the Defendant about the basis for termination until the hearing before the Oklahoma Employment Security Commission held on August 29, 2022. Upon hearing Defendant's detailed explanation and contradictions, the Plaintiff promptly notified Defendant that it intended to file a claim for wrongful termination, Ex 2 (Email), and filed the current motion within one week of Defendant responding that it objects to the motion.

Thus, there has been no undue delay and good cause has been shown.

## III – DEFENDANT WILL NOT BE PREJUDICED

Under both Rule 15(a) and 16(b), the court may consider prejudice to nonmoving party in determining whether to grant leave to amend. **Minter,** 451 F.3d at 1204 (discussing Rule 15(a); **Smith v. United States**, 834 F.2d 166, 169 (10th Cir. 1987)(prejudice to non-movant a factor in reopening discovery after deadline passed); *also* **Tesone v. Empire** *Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019)("[T]rial courts have considerable discretion in determining what kind of showing satisfies this . . . good cause standard." 3 James Wm. Moore, Moore's Federal Practice - Civil § 16.14[1][b] (3d ed. 2019). . . .

7

Another relevant consideration is possible prejudice to the party opposing the modification.")*Tesone*, 942 F.3d at 988 (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)); *see* 6A **Wright, Miller & Cane**, Federal Practice & Procedure § 1522.2, p. 313-314 (Relief under Rule 16(b) "may be granted if the court finds that the movant has not unduly delayed the action and that the opponent will not be prejudiced by the modification".)(footnotes omitted).

In this case the trial is April 2021, more than seven months away. The discovery deadline is not until March 1, 2021. *See Griddine v. GPI KS-SB, Inc.*, No. 17-2138-JAR, 2018 U.S. Dist. LEXIS 153610, at *2 (D. Kan. Sep. 10, 2018)(trial is not imminent when it is "eight months away"). No depositions have been taken.

Thus, Defendant would not be prejudiced by allowing the amendment.

## IV – THERE IS NO BAD FAITH

Plaintiffs are not acting in bad faith. Rather, Plaintiffs are diligently attempting to amend the complaint upon developing evidence that Defendant's termination of Plaintiff Hines was pretextual. A plaintiff's pretext evidence need not point to retaliation or any particular motive. *See Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 967 (10th Cir. 2002) ("once a plaintiff makes out her prima facie case, summary judgment cannot be granted for the defendant on the basis of her failure to present additional evidence of discrimination."); *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1123 (10th Cir.2001) ("'a prima facie case and sufficient evidence to reject the employer's explanation may permit a finding of liability,' even absent 'additional, independent evidence of discrimination' or other unlawful intent. *[Reeves v. Sanderson Plumbing Products, Inc.]*,

8

530 U.S. [133] at 149 [(2000)]."), and *Beaird v. Seagate Technology, Inc.,* 145 F.3d 1159, 1166 (10th Cir.1998) *cert. denied* 525 U.S. 1054 (1998) ("the burden-shifting framework allows victims of age discrimination to prevail without presenting *any* evidence that age was a determining factor in the employer's motivation." (emphasis by the Court, internal quotation and punctuation omitted)). Therefore, as explained in *Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 328 (10th Cir.1996), "a civil rights plaintiff who asserts multiple civil rights claims, in the course of proving pretext" need not direct the evidence to any particular claim and "in a typical case, all claims will survive."

Thus, there is no bad faith.

## V – THE AMENDMENT IS NOT FUTILE

Nor would the amendment be futile. The claims would be filed well within the limitations period. The FLSA provides for a two-year statute of limitations for Plaintiff's proposed retaliation claim. 29 U.S.C. § 255(a).

Thus, the amendment would not be futile.

**WHEREFORE**, Plaintiffs respectfully request leave to amend the complaint to include a retaliatory termination claim on behalf of Plaintiff Hines.

**RESPECTFULLY SUBMITTED THIS 8th DAY OF SEPTEMBER 2022**.

HAMMONS, HURST & ASSOCIATES

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111

<u>amber@hammonslaw.com</u>
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service to the opposing counsel below listed on this 8th day of SEPTEMBER 2022.

Samuel R. Fulkerson, OBA # 14370
Lori Fixley Winland, OBA # 32159
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
The Heritage Building
621 N. Robinson Ave., Ste. 400
Oklahoma City, OK 73102
Telephone: (405) 546-3774
Facsimile: (405) 546-3775
sam.fulkerson@ogletree.com
andre.caldwell@ogletree.com
lori.winland@ogletree.com
*Counsel for Defendant*

s/ Amber L. Hurst